IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| LOOPY CASES LLC. AND JOHN WANGERCYN | ) ) |
| Plaintiffs, | ) ) Case No. |
| v. | ) ) Judge |
| DROP STOP, LLC | ) ) |
| Defendant. | ) ) |

## COMPLAINT - DECLARATORY JUDGMENT ACTION

Plaintiffs LOOPY CASES LLC ("LOOPY") and JOHN WANGERCYN, by their attorneys, respectfully requests a declaratory judgment be entered in their favor and against Defendant DROP STOP, LLC ("DROP STOP") for a finding of non-infringement of its copyright and non-infringement of its United States trademark registration, and in support thereof, states the following.

## THE PARTIES, JURISDICTION AND VENUE

1. Plaintiff, LOOPY is an Indiana Company having its principal place of business at 1048 Stonebridge Drive Schererville, Indiana  46375.

2. Plaintiff John Wangercyn is an individual and citizen of the State of Indiana, having a residence at 1048 Stonebridge Drive Schererville, Indiana  46375.

3. Upon information and belief, Defendant, DROP STOP, is a California Company having a place of business 3230 Overland Avenue #304, Los Angeles, CA 90034.

4. Upon information and belief, DROP STOP operates an interactive web page at www.buydropstop.com from which they sell automotive accessory products in association with the trademark STOP THE DROP.

5. Upon information and belief, DROP STOP operates an interactive webpage order form at https://www.buydropstop.com/check-out.php where in the billing address area of the form allows the user to select "Indiana" from a drop-down menu listing, and when selected, populates an address label with "Indiana" as the mailing address. A screen shot of a portion of the webpage is attached as Exhibit A.

6. Upon information and belief, DROP STOP has exhibited a willingness to ship products into Indiana, and into this Judicial District.

7. Upon information and belief, DROP STOP has shipped products into Indiana, and into this Judicial District.

8. This action arises under the Federal Declaratory Judgments Act, 28 U.S.C. §§2201 and 2202 *et seq*; the Copyright Act, 17 U.S.C. §§ 501 *et seq*. and the Lanham Act, 15 U.S.C. §§ 1118, 1125 *et seq.* The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332 and 1338.

9. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(b), (c) or 1400(b) in that, on information and belief, Defendant has done business in this district and/or a substantial part of the events giving rise to Plaintiff's claims occurred in or were aimed at this judicial district.

10. On information and belief, Defendant is subject to the personal jurisdiction of this Court and is amenable to service of process.

**FACTS**

11. Plaintiff LOOPY is a family run company that designs and markets cell phone cases that include a finger grip on the back of the cell phone case.

12. Plaintiff John Wangercyn is the CEO of LOOPY.

13. LOOPY markets their products through its own webpage and social media.

14. LOOPY sells its products exclusively through its own webpage at www.loopycases.com and its social media pages.

15. LOOPY uses the trademark STOPTHEDROP in association with its cell phone cases.

16. LOOPY does not market automotive accessories.

17. LOOPY does not use the trademark STOPTHEDROP with automotive accessories.

18. John Wangercyn has applied for a United States trademark registration for STOPTHEDROP in International Class 11 for use with cell phone cases; portable electronic device cases; cell phone and portable electronic device accessories, namely, a strap to assist in holding the device. That application was filed on March 10, 2017 and has application serial number 87367163.

19. LOOPY is the exclusive licensee of the STOPTHEDROP trademark from John Wangercyn.

20. Upon information and belief, Defendant DROP STOP is in the business of selling automotive interior accessories, namely a durable and flexible wedge, which can be expanded or contracted, to fill gap between front seat and center console of an automobile preventing objects from dropping into gap.

21. Upon information and belief, DROP STOP does not sell or offer for sale cell phone cases.

22. Upon information and belief, DROP STOP does not sell or offer for sale cell phone accessories.

23. Cell phone cases are not an automotive accessory.

24. Upon information and belief, DROP STOP obtained U.S. Trademark Registration No. 4272786 on January 8, 2013 for the mark STOP THE DROP in international class 12 for use with automotive interior accessories, namely durable and flexible wedge, which can be expanded or contracted, to fill gap between front seat and center console of an automobile preventing objects from dropping into gap. A copy of the registration is attached as Exhibit B.

25. Upon information and belief, U.S. Trademark Registration No. 4272786 for the STOP THE DROP is not registered for use with cell phone cases, or cell phone case accessories.

26. Automotive accessories, namely a durable and flexible wedge, which can be expanded or contracted, to fill gap between front seat and center console of an automobile preventing objects from dropping into the gap, are not closely related goods to cell phone cases.

27. Upon information and belief, an authorized representative of Defendant sent a letter ("cease and desist letter") asserting purported rights in the mark STOP THE DROP and demanded that John Wangercyn cease and desist selling cell phone cases accessories at www.loopycases.com.  A copy of the letter is attached as Exhibit C.

28. Upon information and belief, the cease and desist letter cites the use of the mark STOPTHEDROP on LOOPY's website of www.loopycases.com as an infringing use.

29. Upon information and belief, the cease and desist letter cites the use of the mark STOPTHEDROP on LOOPY's Facebook page as an infringing use.

30. Upon information and belief, the cease and desist letter cites the use of the mark STOPTHEDROP on LOOPY's paid Facebook advertising as an infringing use.

31. Upon information and belief, the cease and desist letter demands that LOOPY cease and desist using the STOPTHEDROP trademark.

32. Upon information and belief, the cease and desist letter demands that LOOPY destroy product using the STOPTHEDROP trademark.

33. Upon information and belief, the cease and desist letter demands that John Wangercyn cease and desist using the STOPTHEDROP trademark.

34. Upon information and belief, the cease and desist letter demands that John Wangercyn destroy product using the STOPTHEDROP trademark.

35. Upon information and belief, the cease and desist letter demands that John Wangercyn abandon the trademark application for STOPTHEDROP, serial number 87367163.

36. Upon information and belief, Defendant DROP STOP asserts copyright in the short phrase "Shoulda had a Drop Stop".

37. Upon information and belief, the cease and desist letter cites the use of the phase "shouldahadaLoopy" as an infringement of Defendant's copyright.

38. Upon information and belief, the cease and desist letter demands that John Wangercyn stop using the phrase "shouldahadaLoopy" on the LOOPY Facebook paid advertising.

39. Upon information and belief, the cease and desist letter demands that LOOPY stop using the phrase "shouldahadaLoopy".

40. Upon information and belief, short phrases are not eligible for copyright.

41. Upon information and belief, Defendant's assertion of a claim of copyright has no basis in law.

42. Upon information and belief, Defendant's assertion of copyright infringement is frivolous.

## COUNT I

### DECLARATORY JUDGMENT OF TRADEMARK NON-INFRINGEMENT

43. Plaintiff repeats and realleges each of the allegations contained in paragraph nos. 1 through 42 of this Complaint, as if fully set forth herein.

44. As described *supra*, a dispute has now arisen between the parties, and an actual and justiciable controversy exists, in that Defendant asserts, and Plaintiffs deny, that use of STOPTHEDROP in association with cell phone cases, portable electronic device cases, or cell phone accessories infringes Defendant's rights.

45. Defendant's cease and desist letter expressly accusing Plaintiffs with litigation trademark infringement and copyright infringement has created a reasonable apprehension that Plaintiffs will face a lawsuit; thus, Defendant's conduct has created a case of actual controversy pursuant to 28 U.S.C. §2201.

46. Plaintiffs have no other existing, speedy, adequate or proper remedy other than a declaration and determination of the parties' rights as prayed for herein.

## COUNT II

### DECLARATORY JUDGMENT OF COPYRIGHT NON-INFRINGEMENT

47. Plaintiff repeats and realleges each of the allegations contained in paragraph nos. 1 through 46 of this Complaint, as if fully set forth herein.

48.	As described *supra*, a dispute has now arisen between the parties, and an actual and justiciable controversy exists, in that Defendant asserts, and Plaintiffs deny, that use of the short phrase "ShouldahadaLoopy" infringes Defendant's alleged copyright.

49.	Defendant's cease and desist letter expressly accusing Plaintiffs of copyright infringement has created a reasonable apprehension that Plaintiffs will face a lawsuit; thus, Defendant's conduct has created a case of actual controversy pursuant to 28 U.S.C. §2201.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

(1) a declaration that Plaintiffs do not infringe Defendant's trade mark Registration No. 4272786;

(2) a declaration that Plaintiffs do not infringe Defendant's alleged copyright in the short phrase "Shoulda had a Drop Stop";

(3) a declaration that Defendant does not have a copyright in the short phrase "Shoulda had a Drop Stop";

(4) an award of any and all other appropriate relief this Court deems justified, including reasonable attorney's fees and costs incurred.

## JURY DEMAND

Plaintiff respectfully demands a trial by jury for all of the counts of its AMENDED COMPLAINT.

7

DATED: August 4, 2017            RESPECTFULLY SUBMITTED,

                                             /s/ Peter J. Shakula
                                             Peter J. Shakula
                                             pjshakula@woodphillips.com
                                             WOOD PHILLIPS
                                             500 West Madison Street
                                             Suite 1130
                                             Chicago, IL  60661-2562
                                             (312) 876-1800

                                             *Attorneys for Plaintiffs Loopy Cases LLC*
                                             *and John Wangercyn*